## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BENITO CARDENAS, JR.,**

**Petitioner,**

**v.**                                                          **CASE NO. 22-3194-JWL-JPO**

**NESS CITY, KANSAS[1],**

**Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner Benito Cardenas, Jr.'s pro se petition, filed September 6, 2022. As noted in the notice (Doc. 2) previously mailed to Petitioner, he remains responsible for either paying the statutory filing fee of $5.00 or submitting a motion to proceed in forma pauperis. If Petitioner fails to either pay the statutory filing fee or submit a motion to proceed in forma pauperis on or before October 7, 2022, this matter may be dismissed without further prior notice to Petitioner. In addition, the Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. Therefore, Petitioner will be directed to show cause to the Honorable John W. Lungstrum why the matter should not be dismissed as untimely filed.

**Background**

In 2012, a jury in Ness County, Kansas convicted Petitioner of rape and aggravated criminal sodomy of a minor. *State v. Cardenas*, 2016 WL 1274131, *2 (Kan. Ct. App. 2016) (unpublished

---

[1] Petitioner has named Ness City, Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tommy Williams, the current warden of El Dorado Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

opinion), *rev. denied* April 17, 2017. Petitioner was sentenced to two concurrent sentences of life without the possibility of parole for 25 years. *Id.* He pursued a direct appeal, but on April 1, 2016, the Kansas Court of Appeals (KCOA) affirmed his convictions and sentences and on April 17, 2017, the Kansas Supreme Court (KSC) denied his petition for review.

On December 4, 2017, Petitioner filed a pro se state habeas action under K.S.A. 60-1507. *See* Kansas District Court Public Access Portal[2] (KDCPAP), Ness County Case No. 2017-CV-000018. He argued that the evidence at trial was insufficient to convict him and that he had received ineffective assistance from trial counsel. *Cardenas v. State*, 2021 WL 833992, *2 (Kan. Ct. App. 2021) (unpublished opinion), *rev. denied* October 1, 2021. The state district court appointed counsel to represent Petitioner and allowed him to supplement the pro se habeas petition. *Id.* Eventually, however, the district court denied relief. *Id.* Petitioner appealed and, on March 5, 2021, the KCOA affirmed. *Id.* at *1. The KSC denied review on October 1, 2021.

On September 6, 2022, Petitioner filed with this Court a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 in which he challenges his 2012 convictions of rape and aggravated criminal sodomy. He asserts four grounds for relief. As Ground One, Petitioner complains about the length of time between the allegations against him and the collection of a sexual assault kit and samples for DNA testing. (Doc. 1, p. 5.) He asserts that earlier testing, which he asserts would have complied with protocol, "would have proven [his] innocence." *Id.* As Ground Two, Petitioner argues that Deputy Travis Bailey falsely testified at trial regarding the actions he took in investigating the charges against Petitioner. *Id.* at 7. Petitioner also generally claims that Bailey was "inexperience[d] and [incompetent] in investigating[] and taking evidence," pointing out that Bailey spoke with the victim despite his later trial testimony that he was not forensically trained to conduct such an interview. *Id.*

Liberally construing Ground Three, Petitioner asserts that Kelly Robbins, the Director of the Western Kansas Child Advocacy Center, engaged in improperly suggestive questioning while interviewing the victim and was deficient in her role because she failed to ensure a rape examination occurred the same day as the interview. *Id.* at 8. Petitioner also argues that Robbins should have

---

[2] https://search.kscourts.org/ProdPortal/

interviewed the victim's younger sister, who was allegedly present during the crimes. *Id.* As Ground Four, Petitioner argues that his sentences constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights.[3] *Id.* at 10. As relief, Petitioner asks the Court to vacate his 2012 convictions and sentences and commute his sentence in an additional case to time served.[4] *Id.* at 15.

**Initial Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action

---

[3] Petitioner's claim that his sentences violate the Kansas constitution does not state a claim on which federal habeas relief can be granted. As the United States Supreme Court has explained, "[f]ederal habeas relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

[4] Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts states: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Thus, to the extent that Petitioner wishes to seek federal habeas relief from his convictions in Trego County, Kansas, in case number 12-CR-53, he must do so in a separate § 2254 action.

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

In this matter, the KSC denied review in Petitioner's direct appeal on April 17, 2017. Petitioner states that he did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.) Thus, Petitioner's convictions became final the day after the expiration of the time to file a petition for certiorari, on approximately July 17, 2017. At that time, the one-year federal habeas limitation period began to run.

The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Under this provision, the one-year federal habeas limitation period was tolled,

or paused, when Petitioner filed his K.S.A. 60-1507 motion on December 4, 2017. At that point, approximately 140 days of the year had expired, leaving approximately 225 days remaining.

The proceedings on the 60-1507 motion concluded when the KSC denied review on October 1, 2021, and the one-year federal habeas limitation period resumed the next day. It expired approximately 225 days later, on or around May 15, 2022. Yet Petitioner did not file this federal habeas petition until September 6, 2022. Thus, the information now before the Court reflects that this matter is untimely. Petitioner has left blank the part of the form § 2254 petition that addresses timeliness. (Doc. 1, p. 13-14.)

The one-year federal habeas limitation period is subject, however, to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

There also is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he

must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Conclusion**

As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will continue with its review of the petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**Request for Counsel**

The Court will address one final point with respect to the petition. The court-approved form on which Petitioner filed his petition in this matter includes a line for the signature of an attorney if the petitioner is represented by counsel. (Doc. 1, p. 15.) On that line, Petitioner wrote, "I Don't Have a[n] Attorney I will need one." *Id.* Liberally construing this as a request for appointment of counsel, the request is denied without prejudice.

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and

legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this early point in these proceedings, the Court is not convinced that the interest of justice requires appointment of counsel. The merits of Petitioner's claims are unclear and, as explained above, this matter appears time-barred. If Petitioner shows good cause why this matter should not be dismissed as untimely and this matter proceeds, Petitioner may file a complete and proper motion to appoint counsel.

**IT IS THEREFORE ORDERED** that Tommy Williams, Warden of El Dorado Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including October 12, 2022, in which to show cause, in writing, to the Honorable John W. Lungstrum, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:   This 12th day of September, 2022, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge