IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BENITO CARDENAS, JR.,**

                **Petitioner,**

    v.                                          **CASE NO. 22-3194-JWL-JPO**

**TOMMY WILLIAMS,**

                **Respondent.**

## MEMORANDUM AND ORDER

      Petitioner Benito Cardenas, Jr., a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 6, 2022. (Doc. 1.) On September 12, 2022, the Court issued a notice and order to show cause (NOSC) directing Petitioner to show cause on or before October 12, 2022, why this matter should not be dismissed due to Petitioner's failure to file his petition within the applicable statute of limitations. (Doc. 3.) The NOSC advised that "[i]f Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner." *Id.* at 6. The deadline to respond to the NOSC came and went and Petitioner did not file a response. Thus, on October 19, 2022, the Court dismissed this matter as time-barred for the reasons set forth in the NOSC. (Doc. 4.)

      On November 3, 2022, the Court received a letter from Petitioner "in response" to the dismissal. (Doc. 6.) Therein, Petitioner explains why his petition was untimely. *Id.* Although the letter does not expressly ask the Court to reconsider its dismissal, the Court liberally construes pro se pleadings.. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Thus, the Court will liberally construe the letter as a motion to reconsider.

      Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or (60)." D. Kan. Rule 7.3(a). The

Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. *See id.* at 1009. A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995).

Petitioner identifies several factors that contributed to the untimely filing of his federal habeas petition, including depression, post-traumatic stress disorder, prison restrictions, stress, and a lack of legal knowledge and understanding. (Doc. 6.) He also assures the Court that he intends to continue to pursue state court remedies and he asserts his innocence of the crimes of conviction. Even liberally construing the arguments, though, Petitioner has not met the standards for reconsideration under either Rule 59(e) or Rule 60. Thus, to the extent that the letter was intended to constitute a motion for reconsideration, it is denied.

**IT IS THEREFORE ORDERED** that the motion for reconsideration (Doc. 6) is **denied**.

**IT IS SO ORDERED.**

DATED:   This 4th day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge